IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-00303-KD-M |
| | ) | |
| SANDY CREEK II, LLC, *et al.*, | ) | |
|     Defendants. | ) | |

**ORDER**

This action is before the Court on the "Notice of Removal\Referral as to George W. Skipper, III" (Doc. 57) filed by Defendant George W. Skipper, III ("Skipper"), which the Court construes as a motion to refer the claims relating to Skipper in this action to the bankruptcy court of this district pursuant to 28 U.S.C. § 157 (see Doc. 58). The Plaintiff has filed an Order of the bankruptcy court finding that Skipper's removal of the claims against him in this action was ineffective (Doc. 67-1). The Plaintiff "submits that this Court should retain jurisdiction over its claims against Skipper." (Doc. 67, ¶ 1).

Section § 157(a) states: "Each district court may provide that any or all cases . . . related to a case under title 11 shall be referred to the bankruptcy judges for the district." "This District Court has long utilized the § 157(a) referral mechanism as a matter of course [pursuant to a] general Order of Reference in this District Court that went into effect on July 10, 1984[.]" GulfMark Offshore, Inc. v. Bender Shipbuilding & Repair Co., Inc., Civ. A. No. 09-0249-WS-N, 2009 WL 3756708, at *2 (S.D. Ala. Nov. 9, 2009) (Steele, J.). The Eleventh Circuit has held:

> "The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the [bankrupt estate.] The proceeding need not necessarily be against the

> debtor or the debtor's property." Lawrence v. Goldberg, 573 F.3d 1265, 1270 (11th Cir.2009) (internal alteration omitted). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action ... and which in any way impacts upon the handling and administration of the bankrupt estate." Id. at 1270–71.

In re Carlson, 464 F. App'x 845, 849 (11th Cir. 2012)

The Court finds that the claims relating to Skipper in this action are related to his pending bankruptcy case. While the Court expresses no opinion on the bankruptcy court's power to enter final judgment on those claims, the Court believes that the bankruptcy court can, at minimum, submit proposed findings of fact and conclusions of law to the Court on all referred matters. See RES-GA Four LLC v. Avalon Builders of GA LLC, No. 5:10-CV-463 MTT, 2012 WL 13544, at *7-10 (M.D. Ga. Jan. 4, 2012) ("[T]he Court . . . concludes that bankruptcy courts have authority to hear and submit proposed findings of fact and conclusions of law in proceedings related to title 11 cases, regardless of whether they are classified as core or non-core. While the contours of claims of which a bankruptcy court may enter final judgment are largely uncertain post-Stern[ v. Marshall, 131 S. Ct. 2594 (2011)], the Court is confident the bankruptcy court has, at a minimum, subject matter jurisdiction to hear these related proceedings.") (slip copy); Finley v. Carrington Mortg. Servs., LLC, Civ. A. No. MC-12-S-00051, 2012 WL 6610194, at *4 (N.D. Ala. Dec. 17, 2012) (" 'Nothing in the Stern decision, or any other decision, has limited the ability of bankruptcy courts to issue reports and recommendations in all matters that have been properly referred to the bankruptcy court.' " (quoting In re Palm Beach Fin. Partners, L.P., No. 12–80269–CIV, 2012 WL 2504009, at *2 (S.D. Fla. June 28, 2012))) (slip copy).

Therefore, upon consideration, it is hereby **ORDERED** that the claims relating to Skipper in this action are **REFERRED** to the United States Bankruptcy Court for the

Southern District of Alabama, Case No. 12-03491-MAM, for appropriate disposition.  The Clerk is **DIRECTED** to notify the bankruptcy court of this referral.

    **DONE** and **ORDERED** this the **29**[th] day of **January 2013**.

                                          /s/ Kristi K. DuBose  
                                          **KRISTI K. DuBOSE**  
                                          **UNITED STATES DISTRICT JUDGE**